# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

HANANE L. MARRAKCI,

                Plaintiff,

-vs-                                  Case No.  6:10-cv-817-ORL-31GJK

JANET NAPOLITANO, Secretary, U.S.
Department of Homeland Security;
ALEJANDRO MAYORKAS, Director, U.S.
Citizenship and Immigration Services;
KATHY REDMAN, District Director, District
10 (Florida); MARGARET IGLESIAS, Field
Office Director, Orlando, Florida,

                Defendants.
_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| |
|---|
| **MOTION:**    **APPLICATION TO PROCEED IN FORMA PAUPERIS** (Doc. No. 2) |
| **FILED:**    **January 20, 2010** |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Complaint be **DISMISSED.** |

## I.    BACKGROUND.

On June 12, 2007, Hanane L. Marrakchi (the "Plaintiff") was granted lawful permanent

resident status on a condition basis ("CR Status") as the spouse of a U.S. citizen.  Doc. No. 1 at

2.  This CR Status lasted until June 12, 2009, when it was automatically terminated due to

Plaintiff's failure to file a Form I-751 within 90 days prior to the termination date. *Id*. at 4. Plaintiff is currently not a lawful permanent resident of the U.S. *Id*.

On June 10, 2008, Plaintiff filed Form I-360 as a Violence Against Women Act ("VAWA") self-petitioner with the United States Citizenship and Immigration Services ("USCIS") Vermont Service Center, claiming battery and extreme cruelty at the hands of her spouse. *Id*. at 5. On or about December 7, 2009, Plaintiff's I-360 VAWA self-petition was approved. *Id*.

On June 22, 2009, Plaintiff filed an I-485 application (the "I-485 Application") with the USCIS, seeking permanent lawful resident status. *Id*. at 6. On February 8, 2010, Plaintiff appeared for an interview at the USCIS Orlando Field Office for the purpose of adjudication of the I-485 Application. *Id*. On or about April 30, 2010, Plaintiff received a letter that the I-485 Application had been denied. *Id*. at 7. The letter allegedly states that Plaintiff is ineligible for adjustment of status under 8 C.F.R. § 245.1(c)(5), which provides that an alien is ineligible for adjustment if the alien is already lawfully admitted to the United States for permanent residence on a conditional basis. *Id*.

On May 20, 2010, Plaintiff filed a complaint (the "Complaint") in the United States District Court for the Middle District of Florida, Orlando Division, against Janet Napolitano, Secretary of the U.S. Department of Homeland Security; Alejandro Mayorkas, Director of USCIS; Kathy Redman, District Director, District 10 (Florida); and Margaret Iglesias, Field Office Director for Orlando, Florida (collectively "Defendants"). *Id*. at 1. Plaintiff asserts jurisdiction under 28 U.S.C. § 1331 and also under the Administrative Procedures Act (the "APA"). *Id*. at 2. Plaintiff argues that the I-485 Application should not be denied pursuant to §

245.1(c)(5) because Plaintiff's CR Status had already terminated before she filed the I-485

Application. *Id*. at 8. Therefore, Plaintiff requests that this Court: 1) declare that denial of the I-

485 Application is contrary to law and a violation of Plaintiff's rights; 2) declare that denial of

the I-485 Application was arbitrary, capricious, and an abuse of discretion and power; 3) enjoin

Defendants from denying the I-485 Application; 4) compel Defendants to approve the I-485

Application; 5) grant other relief this Court deems proper; and 6) award attorney's fees and costs.

*Id*. at 9. On May 20, 2010, Plaintiff filed an Application to Proceed *In Forma Pauperis* (the

"Application"). Doc. No. 2.

## II.    THE LAW.

### A. *In Forma Pauperis*.

Pursuant to 28 U.S.C. § 1915, The United States Congress has required that the district

court review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is

frivolous, malicious, or fails to state a claim on which relief may be granted.[1]  *See* 28 U.S.C. §

1915. Section 1915(e)(2) provides:

> (e)(2)  Notwithstanding any filing fee, or any portion thereof, that
> may have been paid, the court shall dismiss the case at any
> time if the court determines that--
>
> (A)    The allegation of poverty is untrue; or
>
> (B)    The action of appeal--
>
> (i)      is frivolous or malicious;
>
> (ii)     fails to state a claim on which relief may be
> granted; or

---

[1] Section 1915(a)(1) states that the person submitting an affidavit to proceed *in forma pauperis* shall include a statement of assets "such prisoner" possess. However, courts have held that the use of the term prisoner does not limit this section to prisoner suits only. *See e.g.*, *Powell v. Hoover*, 956 F. Supp. 564, 566 (M.D. Pa. 1997).

<blockquote>
(iii)    seeks monetary relief against a defendant who is immune from such relief.
</blockquote>

28 U.S.C. § 1915(e)(2).

The Local Rules of the United States District Court for the Middle District of Florida also govern proceedings *in forma pauperis*. *See* Local Rule 4.07. Pursuant to Local Rule 4.07(a), the Clerk dockets, assigns to a judge, and then transmits to the judge cases commenced *in forma pauperis*. Local Rule 4.07(a). The district court assigns to United States Magistrate Judges the supervision and determination of all civil pretrial proceedings and motions. Local Rule 6.01(c)(18). With respect to any involuntary dismissal or other final order that would be appealable if entered by a district judge, the United States Magistrate Judge may make recommendations to the district judge. *Id.* The Court may dismiss the case if satisfied that the action is frivolous or malicious under Section 1915, or may enter such other orders as shall seem appropriate. Local Rule 4.07(a).

### B. The Immigration and Nationality Act.

"The Immigration and Nationality Act (the "INA") … sets forth the procedure by which an alien may become a permanent resident." *Romanovich v. Gonzales*, No. 07-60224-CIV-ALTONAGA/Turnoff, 2007 WL 1229047, at *1 (S.D. Fla. Apr. 4, 2007).[2] Section 245 of the INA provides:

<blockquote>
(a) The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, *in his discretion* and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the
</blockquote>

---

[2] Unpublished district court decisions are not binding but are persuasive authority.

alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed.

8 U.S.C. § 1255(a) (emphasis added). Thus, "the decision to adjust an alien's status to permanent residency lies solely within the discretion of the Attorney General and 'under such regulations as he may prescribe.'" *Romanovich*, 2007 WL 1229047, at *1.

Section 242 outlines matters under the INA that are not subject to judicial review. Section 242(a)(2)(B) provides:

> (a)(2)(B) Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, and except as provided in subparagraph (D), and regardless of whether the judgment, decision, or action is made in removal proceedings, *no court shall have jurisdiction to review--*
>
> > (i) *any judgment regarding the granting of relief under section … 1255* of this title, or
> >
> > (ii) *any other decision or action* of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter *to be in the discretion of the Attorney General* or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B) (emphasis added). Therefore, "the INA precludes judicial review of the handling *and final determination* of I-485 Applications." *Romanovich*, 2007 WL 1229047, at *1 (emphasis added). Additionally, "[c]ourts have interpreted [§] 242(a)(2)(B)(ii) to preclude jurisdiction over any discretionary decision or action of the USCIS and the Attorney General." *Id*. (citing *Saradi v. Howard*, 466 F. Supp. 2d 696, 698 (E.D. Va. 2006) (noting that "this statute's meaning is refreshingly free from ambiguity and its terms are pellucidly clear: It means

that courts are precluded from reviewing *any* discretionary decision or action of USCIS")
(emphasis in original)).

### C. Jurisdiction Under the Administrative Procedures Act.

Section 702 of the APA provides that "[a] person suffering legal wrong because of
agency action, or adversely affected or aggrieved by agency action within the meaning of a
relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. "The APA allows
judicial review of agency actions where the action is 'made reviewable by statute' or the action is
a 'final agency action for which there is no other adequate remedy in a court.'" *Wang v.
Chertoff*, No. 1:07-cv-00948-WSD, 2007 WL 4139475, at *2 (N.D. Ga. Oct. 30, 2007) (quoting
5 U.S.C. § 704). However, § 701 states that "[t]his chapter applies, according to the provisions
thereof, *except to the extent that*—(1) statutes preclude judicial review, or (2) agency action is
committed to agency discretion by law." 5 U.S.C. § 701 (emphasis added).

### III. ANALYSIS.

#### A. Jurisdiction Under the INA.

In *Romanovich v. Gonzales*, the Southern District of Florida was presented with a
petitioner seeking a writ of mandamus compelling the respondents, particularly the Attorney
General of the United States, to process her I-485 application. *Romanovich*, 2007 WL 1229047,
at *1. While this Court is being asked to review the decision to deny the I-485 Application, and
not presented with a writ of mandamus to compel the processing of the application, the analysis
in *Romanovich* is the same and this Court finds that analysis persuasive. In *Romanovich*, the
court held that it did not have subject matter jurisdiction to hear the case. *Id*. at *2. The court
reasoned that the INA precluded judicial review of the handling and final determination of I-485

applications and, consequently, the respondents' motion to dismiss for lack of subject matter jurisdiction was granted.  *Id*. at \*1-2.

In the present case, Plaintiff is seeking review of the denial of the I-485 Application.  Doc. No. 1 at 9.  However, as pointed out in *Romanovich*, judicial review of the determination of an I-485 application is precluded by the INA and, therefore, the undersigned recommends that the Court find that it lacks subject matter jurisdiction.  Therefore, the undersigned recommends that the Court find that the Complaint has failed to state a claim for which relief may be granted, and thus the case should be dismissed pursuant to 28 U.S.C. § 1915.

### B.  Jurisdiction Under the APA.

In *Romanovich*, the petitioner also asserted that the court had jurisdiction pursuant to the APA.  *Id*. at \*1.  The court held that the APA did not provide the court with jurisdiction to hear the case.  *Id*. at \*2.  The court reasoned that "the INA provides complete discretion over the adjustment of immigration status process to the Attorney General and the USCIS," and therefore the APA does not confer jurisdiction because § 701 of the APA "expressly precludes judicial review of administrative activities where '(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law.'"  *Id*. (quoting 5 U.S.C. § 701).  Therefore, in the present case, the undersigned recommends that the Court find that the APA does not confer jurisdiction.  *Id*.

## IV.    CONCLUSION.

Having recommended that this Court lacks subject matter jurisdiction to hear the case, the undersigned recommends that the Court find that the Complaint fails to state a claim for which relief may be granted and, therefore, the case should be dismissed pursuant to 28 U.S.C. § 1915.

Accordingly, it is hereby **RECOMMENDED** that the Court:

1) **DENY** the Application because the Complaint fails to state a claim for which relief may be granted;

2) **DISMISS** the case; and

3) Direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**Recommended** in Orlando, Florida, on July 1, 2010.

Copies furnished to:
Counsel of Record

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE