UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**HANANE L. MARRAKCHI,**

        **Plaintiff,**

-vs-                                                      **Case No. 6:10-cv-817-Orl-31GJK**

**SECRETARY, U.S. DEPARTMENT OF
HOMELAND SECURITY, DIRECTOR,
U.S. CITIZENSHIP AND IMMIGRATION
SERVICES, DISTRICT DIRECTOR,
DISTRICT 10 (FLORIDA) and FIELD
OFFICE DIRECTOR, ORLANDO,
FLORIDA ,**

        **Defendants.**

_____

## ORDER

This matter came before the Court without oral argument upon consideration of Plaintiff's, Hanane L. Marrakchi ("Plaintiff"), Complaint (Doc. 1) and Motion to Proceed *in forma pauperis* (Doc. 2), U.S. Magistrate Judge Gregory J. Kelly's Report and Recommendation regarding same (Doc. 5), and Plaintiff's objections thereto (the "Objections") (Doc. 6).

### I. Overview

On June 12, 2007, Plaintiff, a citizen of Morocco, was granted conditional lawful permanent resident status ("CR Status") after she married a U.S. citizen. (Doc. 1 at 2). Plaintiff was allegedly battered and subjected to extreme cruelty at the hands of her U.S. husband. (Doc. 1 at 5). Rather than seek to remove her CR Status and secure full lawful permanent resident status by filing a joint petition with her husband to the United States Citizenship and Immigration Services ("USCIS"), Plaintiff divorced her husband (Doc. 2 at 2) and, on June 10, 2008, filed a

self-petition for lawful permanent residence pursuant to the Violence Against Women Act ("VAWA").[1] (Doc. 1 at 5). On June 12, 2009, Plaintiff's CR Status was terminated by operation of law and Plaintiff lost her lawful permanent resident status;[2] but for her VAWA self-petition[3] Plaintiff would have been subject to deportation proceedings. (Doc. 1 at 5).

On June 22, 2009, Plaintiff filed an Application for Adjustment of Status to Lawful Permanent Resident (the "I-485 Application"), predicating relief on her VAWA self-petition and 8 U.S.C. § 1255(a).[4] (Doc. 1 at 6). On April 28, 2010, USCIS denied Plaintiff's I-485 application on the sole basis that Plaintiff was "already a conditional permanent resident" (i.e., had CR Status) because she was married to a United States citizen. (Doc. 6-1). In other words, USCIS overlooked Plaintiff's VAWA self-petition, Plaintiff's divorce and the fact that Plaintiff had lost her CR Status by operation of law nearly a year earlier. Instead, USCIS concluded that Plaintiff

---

[1] *See* 8 U.S.C. §§ 1151, 1154 and 1186a. In pertinent part, VAWA permits aliens to file self-petitions – rather than joint petitions with their abusive U.S. spouses – if: (1) the alien has married a U.S. citizen in good faith; (2) the alien has been battered or subjected to extreme cruelty at the hands of his or her U.S. spouse; (3) the alien resided with the U.S. spouse; and (4) the alien has good moral character. 8 U.S.C. § 1154(a)(1)(A)(I).

Absent a VAWA self-petition, an alien living in the United States under CR Status *must* file a joint petition with his or her U.S. spouse in order to remove conditional status and seek full lawful permanent resident status. 8 C.F.R. § 216.4(a)(1); *see also* 8 U.S.C. § 1186a(d)(2)(A).

[2] *See* 8 C.F.R. § 216.4(a)(6) (providing that the failure of an alien to file a joint petition with his or her spouse to remove conditional permanent resident status within specified time limits "shall result in automatic termination of the alien's permanent residence status and the initiation of proceedings to remove the alien from the United States").

[3] Plaintiff's VAWA self-petition was approved on December 7, 2009. (Doc. 1 at 5).

[4] Pursuant to 8 U.S.C. § 1255, the status of an alien with an approved VAWA self-petition may be adjusted, in the discretion of the Attorney General, to that of lawful permanent resident if: (1) the alien applies for such status; (2) the alien is eligible to receive an immigrant visa and is admissible to the United States; and (3) an immigrant visa is immediately available to the alien. 8 U.S.C. § 1255(a).

had to file a joint petition with her husband "to Remove the Conditions on Residence. . . ." (Doc. 6-1 at 2).

On May 20, 2010, Plaintiff brought suit seeking, *inter alia*, the following relief:

- A declaration that the denial of her I-485 Application was contrary to law and a violation of Plaintiff's substantive and procedural due process rights; and

- A declaration that the denial of her I-485 Application was arbitrary, capricious and an abuse of discretion.

(Doc. 1 at 9).

In his Report and Recommendation, Judge Kelly recommended that the Court dismiss Plaintiff's Complaint and deny her Motion to Proceed *in forma pauperis* because the Court lacked subject matter jurisdiction to review USCIS' denial of Plaintiff's I-485 Application. (Doc. 5 at 7-8). More specifically, relying on *Romanovich Gonzales*, Case No. 07-cv-60224, 2007 WL 1229047 (S.D. Fla. April 4, 2007),[5] Judge Kelly found that the Immigration and Nationality Act precludes judicial review of discretionary decisions such as the denial of Plaintiff's I-485 Application. (Doc. 5 at 6-7).

Upon review, the Court declines to adopt the Report and Recommendation. Plaintiff does not appear to be challenging the Attorney General's (or USCIS') discretionary authority. Rather, she contends that USCIS failed to apply the appropriate eligibility requirements.[6] Absent additional briefing from the parties (and, in particular, from the Government, which has not yet been served nor made any appearance in this action), the Court cannot conclude at this time that it is without jurisdiction to entertain the Complaint. Accordingly, it is

---

[5] In *Lopez v. Sec'y Dept. of Homeland Sec.*, Case No. 6:07-cv-735, 2007 WL 2728353 (M.D. Fla. Sept. 17, 2007) (Presnell, J.), this Court declined to follow *Romanovich*.

[6] Indeed, assuming the allegations in the Complaint are true, it seems clear that USCIS overlooked Plaintiff's VAWA self-petition, divorce and termination of CR Status and, as a matter of law, applied the incorrect eligibility requirements in denying Plaintiff's I-485 Application.

**ORDERED** and **ADJUDGED** that:

1. Plaintiff's Objections (Doc. 6) to U.S. Magistrate Judge Kelly's Report and Recommendation (Doc. 5) are **SUSTAINED** in part and the Court **DECLINES** to adopt the Report and Recommendation;

2. Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) is **GRANTED**;

3. Plaintiff is directed to expeditiously serve Defendants with a copy of the Summons and Complaint; and

4. In accordance with Fed. R. Civ. P. 12(a)(2), Defendants shall respond to Plaintiff's Complaint within 60 days of service.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 21, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Party

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**